IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL ACTION |
| ) | NUMBER: 1:22-CR-188-LMM-CMS |
| JAMES WAN, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT JAMES WAN'S RESPONSE TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE AND SUPPRESS STATEMENTS**

James Wan presents the argument that the government failed to show that the anonymous tip was sufficiently verified and resulted in a consensual encounter and should be suppressed because it statements are "fruit of the poisonous tree."

## STATEMENT OF THE CASE

The government contends that the FBI received a tip from a confidential source who was known to the FBI and had previously provided accurate information. The FBI has provided no proof that the confidential source was known to the FBI and had previously provided accurate information. The defendant requests that the court conduct an in camera inspection to make that determination. The lead source provided a username and information from the dark web and contend that the user placed an order (to have a specific person, hereinafter referred to as the victim) killed in exchange for payment in Bitcoins and provided the victim's address in Duluth Georgia. The tip further indicated that the user had already made two bitcoin payments in this matter.

The agents, based on the information provided by the uncorroborated tipster, traced the two bitcoin payments to a Coinbase digital wallet. The agents without a warrant received information from Coinbase about the wallet. At no time did the agent have probable cause in order to get this information from Coinbase and defendant James Wan's account. The agents used this information regarding the Coinbase account in order to interrogate James Wan at the hospital and obtain a confession in this case.

The agents met with the victim and Wan at Northside Hospital where they interviewed the victim and the defendant. The victim also indicated that the defendant had a private locked browser on his phone called "Onion browser" that can only be accessed with facial recognition. Therefore, again the agents did not have a search warrant to obtain this information from the defendant's browser.

The agents went to the hospital and continued to interview Mr. Wan in reference to the facts and circumstances of this case. They asked Mr. Wan whether he had ever been on the dark web and whether he had a Coinbase account. Initially Wan denied access to the dark web but admitted that he did have a Coinbase account. Shortly after the interrogation the agents read Mr. Wan his Miranda rights and he agreed to speak to them without a lawyer.

Based upon the illegal evidence obtained, the defendant then gave a confession regarding this case and identified the victim and provided her name, described her car and license plate. Defendant asks this Court to suppress the statements made to the FBI agents arguing that the statements are "fruit of the poisonous tree" because there was insufficient probable cause to support the interviewing of the defendant for the above referenced federal charges since it was

based on uncorroborated anonymous tip and illegally obtaining Wan's bitcoin account and access to the dark web through this "Onion browser".

## ARGUMENT CITATION OF AUTHORITY

"Under the so-called 'fruit of the poisonous tree doctrine', admissions or confessions that the police induce by confronting a suspect with evidence obtained through an illegal search or seizure must be suppressed." *United States v. Timmann*, 741 F.3rd 1170, 1182 (11th Cir. 2013); *see Utah v. Strieff,* 579 U.S. 232, 237 (2016) (explaining that courts exclude "both the 'primary evidence obtained as a direct result of an illegal search or seizure' and...' evidence later discovered and found to be derivative of an illegality,' the so-called 'fruits of the poisonous tree'" (quoting *Segura v. United States,* 468 U.S. 796, 804 (1984))).

The defendant requests this Court to suppress the evidence because it was gathered as a result of an anonymous tip that was uncorroborated. Furthermore, even if the tip is not anonymous the agents broke into the defendant's Coinbase account and gathered information. The agent used the information obtained prior to my client's arrest in order to prove he sent information to get him to confess. And then the agents confronted Wan during the consensual encounter with information they had illegally obtained in order to get the defendant to confess to the crime. The bitcoin payments and Coinbase searches were obtained as a result of an illegal search and seizure in violation of the law.

The agents broke into the defendant's email and bitcoin account without a warrant and used that information to obtain a confession.

## CONCLUSION

For all the above and foregoing reasons, the defendant requested this Court grant his motion in limine and to exclude and suppress the evidence in this case.

                                        Respectfully submitted,
                                        **Joseph M. Todd, P.C.**

                                        Joseph M. Todd
                                        Georgia Bar No. 713750
                                        Attorney for Defendant

104 South Main Street
Jonesboro, GA 30236
770-477-7878
josep@josephmtodd.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **DEFENDANT JAMES WAN'S RESPONSE TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE AND SUPPRESS STATEMENTS** upon all parties to this matter by filing with the Court's CM/ECF system, which will automatically e-mail notification of same to the following counsel of record.

> Bret R. Hobson
> U.S. Attorney's Office
> Richard B. Russell Building
> 75 Ted Turner Drive, SW
> Atlanta, Georgia 30303-3309

This 12th day of June, 2023.

> JOSEPH M. TODD, P.C.
>
> /s/ Joseph M. Todd
> Joseph M. Todd
> Attorney for Defendant
> Ga. Bar Number: 713750

104 South Main Street
Jonesboro, Georgia 30236
770-477-7878
joseph@josephmtodd.com